NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1339
_____

LINDA J. PERKINS,

Appellant

v.

CITY OF ELIZABETH;
SUSAN J. UCCI, individually and in her official capacity;
OSCAR OCASIO, individually and in his official capacity;
CORPORATION A THROUGH Z, Fictitious Entities;
JOHN DOES 1 THROUGH 10, Fictitious Persons

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 05-cv-3786)
District Judge: Hon. Jose L. Linares
_____

Submitted Under Third Circuit LAR 34.1(a)
February 10, 2011

Before: JORDAN, GREENAWAY, JR., and GARTH, *Circuit Judges*.

(Filed February 11, 2011)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Linda Perkins appeals from an order of the United States District Court for the District of New Jersey granting summary judgment for Appellees Ucci, Ocasio, and the City of Elizabeth. For substantially the reasons set forth by the District Court in its December 30, 2009 opinion, we will affirm.[1]

Perkins, who is African-American, claimed that Appellees, her employer and supervisors, (1) violated her equal protection rights guaranteed by the Fourteenth Amendment, in violation of 42 U.S.C. § 1983; (2) deprived her of her right to make and enforce a contract by refusing to pay her as a Program Monitor, in violation of 42 U.S.C. § 1981; (3) intentionally discriminated against her and created a hostile working environment, in violation of 42 U.S.C. § 2000e; (4) discriminated against her in violation of the New Jersey Law Against Discrimination (NJLAD) and Civil Service Act (NJCSA); (5) negligently or intentionally subjected her to emotional distress; and (6) retaliated against her for filing a complaint. The District Court found that there was no adequate evidence to support Perkins's claims and granted summary judgment to the Appellees.

We emphasize, as did the District Court, that a court is not obliged to scour the record to find evidence that will support a party's claims. *E.g., Doeblers' Pennsylvania Hybrids, Inc. v. Doebler*, 442 F.3d 812, 820 n.8 (3d Cir. 2006). When parties fail to

---

[1] Because we write only for the parties, we assume their familiarity with the facts of this case and do not recount them here. We direct those interested in the facts or in the District Court's analysis to the District Court's thorough opinion, *Perkins v. City of Elizabeth*, 2009 WL 5178385 (D.N.J. Dec. 30, 2009).

2

support their claims with adequate citations to the record, they risk having those claims rejected, as was rightly done here. Perkins's practical failure to cite record evidence in support of her claims, or even to articulate them clearly, is particularly hard to understand since the District Court gave her specific instructions and afforded her more than one opportunity to do so before it issued its summary judgment opinion. Courts cannot become advocates for a party by doing for that party what the party ought to have done for him or herself. In light of the Appellees' evidence, and with no showing by Perkins of a genuine issue of material fact, the District Court necessarily ruled against Perkins under Federal Rule of Civil Procedure 56(c). Likewise, we will affirm the District Court's grant of summary judgment.